UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHASSIDY F. LUCAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARIC S. BOMSZTYK, et al., <br><br> Defendants. | CASE NO. C12-5487 BHS <br><br> ORDER DISMISSING COMPLAINT |

This matter comes before the Court on the Court's order to show cause re: jurisdiction (Dkt. 7), Defendants Lawrence Graham and Randolph Digges' motion to dismiss (Dkt. 8), and Plaintiffs Chassidy Lucas and Bianca Lucas' response (Dkt. 10). The Court has considered the response and the remainder of the file and hereby dismisses the complaint for the reasons stated herein.

On June 5, 2012, Plaintiffs filed a mostly incomprehensible complaint asserting various allegations. Dkt. 1. Plaintiffs state that their causes of action are "slander, stalking, identity theft, identity dilution, libel, internet misuse, deformation, sexual harassment, wiretapping, harassment, torts and breach of contracts." *Id.* at 6. On June

26, 2012, the Court ordered Plaintiffs to show cause why the Court had jurisdiction because the complaint appeared to assert only state law causes of actions against nondiverse parties. Dkt. 7. On July 3, 2012, Defendants Lawrence Graham and Randolph Digges filed a motion to dismiss for failure to state a claim and for lack of jurisdiction. Dkt. 8. On July 13, 2012, Plaintiffs responded to the order to show cause. Dkt. 10.

If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The Court has jurisdiction over federal claims (28 U.S.C. § 1331) and state law claims between citizens of different states (28 U.S.C. § 1332). Plaintiffs have failed to show that either type of jurisdiction exists. First, Plaintiffs argue that they have alleged federal claims and cite various federal criminal statutes, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Dkt. 10 at 15–20. Plaintiffs do not have the authority to enforce federal criminal statutes. With very limited exceptions, 42 U.S.C. § 1983 does not cover the actions of non-governmental defendants. Therefore, Plaintiffs have failed to establish jurisdiction under either of these statutes.

With regard to Plaintiffs' 42 U.S.C. § 1985 claim, Plaintiffs' claim appears to be based on matters filed in state court between the parties that Plaintiffs allege was "fraud on the courts." A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, Plaintiffs fail to mention 42 U.S.C. § 1985 in the complaint. Even if the claim was set forth in the complaint, it would be frivolous. Although they mention court actions, they fail to state any factual allegation against the named defendants that would constitute a violation of the federal statute. Reading the entire complaint and the response, there is no possibility that Plaintiffs can obtain relief under this statute. Therefore, the Court dismisses Plaintiffs' 42 U.S.C. § 1985 claim with prejudice.

With regard to diversity jurisdiction, Plaintiffs concede that there is not complete diversity between the parties. Dkt. 1 at 1–2. Therefore, Plaintiffs have failed to show that the Court has jurisdiction over Plaintiffs' state law claims.

Therefore, it is hereby **ORDERED** that Plaintiffs' complaint (Dkt. 1) is **DISMISSED** and Defendants Lawrence Graham and Randolph Digges' motion to dismiss (Dkt. 8) is **DENIED** as moot.

Dated this 18th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge